ROBERT A. ATKINS (*admitted pro hac vice*)
JOSHUA D. KAYE (*admitted pro hac vice*)
CHRISTMAN RICE (*admitted pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:      (212) 373-3000
Fax:      (212) 757-3990
Email: ratkins@paulweiss.com
Email: jkaye@paulweiss.com
Email: tcrice@paulweiss.com

Attorneys for Defendant Intralinks, Inc.

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFORMATECH CONSULTING, INC., and STUDIO 1220, INC., Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; and INTRALINKS, INC.,<br><br>Defendants. | Case No. 3:20-cv-02892-VC<br>CONSOLIDATED<br><br>*[Assigned for all purposes to Judge Vince Chhabria]*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT AGAINST INTRALINKS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  December 10, 2020<br>Time:  10:00 a.m.<br>Judge:  Hon. Vince Chhabria<br>Location:  San Francisco Courthouse<br>              Courtroom 4 – 17th Floor<br>              450 Golden Gate Avenue<br>              San Francisco, CA 94102 |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 5

THE COMPLAINT .................................................................................................................. 6

    A.    Intralinks' Limited Role as a Software Provider ....................................... 7

    B.    Intralinks Provided a Conduit for PPP Loan Applications ...................... 8

ARGUMENT ............................................................................................................................ 8

    C.    Plaintiffs Allege No Facts Supporting Any Claims against Intralinks ................. 10

    D.    California's False Advertising Law ................................................................. 11

    E.    California's Unfair Competition Law .............................................................. 11

    F.    Negligence and Breach of Fiduciary Duty ....................................................... 12

    G.    "Fraudulent Concealment" ............................................................................... 13

CONCLUSION ....................................................................................................................... 14

*Informatech Consulting, Inc., et al. v. Bank of America Corporation, et al.*   Case No. 3:20-cv-02892-VC
**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
AGAINST INTRALINKS; MEMORANDUM OF POINTS AND AUTHORITIES**   Page 2

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft* v. *Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 8, 10

*Avila* v. *Citrus Cmty. Coll. Dist.*,
   38 Cal. 4th 148 (Cal. 2006) ............................................................................................ 12

*Berk* v. *Coinbase, Inc.*,
   No. 18-CV-01364-VC, 2019 WL 3561926 (N.D. Cal. Aug. 6, 2019) ......................... 11, 12

*People ex rel. Bill Lockyer* v. *Fremont Life Ins. Co.*,
   104 Cal. App. 4th 508 (Cal. Ct. App. 2002) .................................................................... 12

*Clorox Co.* v. *Reckitt Benckiser Grp. PLC*,
   398 F. Supp. 3d 623 (N.D. Cal. 2019) ......................................................................... 9, 11

*Davidson* v. *Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ............................................................................................ 9

*Doe* v. *SuccessfulMatch.com*,
   70 F. Supp. 3d 1066 (N.D. Cal. 2014) ............................................................................ 11

*Fabian* v. *LeMahieu*,
   No. 19-CV-00054-YGR, 2019 WL 4918431 (N.D. Cal. Oct. 4, 2019) ............................ 13

*Gutierrez* v. *Girardi*,
   194 Cal. App. 4th 925 (Cal. Ct. App. 2011) .................................................................... 12

*Hodsdon* v. *Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018) .................................................................................... 11, 12

*L.A. Taxi Coop., Inc.* v. *Uber Techs., Inc.*,
   114 F. Supp. 3d 852 (N.D. Cal. 2015) ............................................................................ 11

*Lazar* v. *Super. Ct.*,
   12 Cal. 4th 631 (Cal. 1996) ............................................................................................. 14

*Lusson* v. *Apple, Inc.*,
   No. 16-CV-00705-VC, 2016 WL 10932723 (N.D. Cal. June 20, 2016) .................................9

*Ryan* v. *Microsoft Corp.*,
   147 F. Supp. 3d 868 (N.D. Cal. 2015) ...............................................................................13

*Studio 1220, Inc.* v. *Bank of America, et al.*,
   3:20-cv-3081 (N.D. Cal. 2020) ............................................................................................6

*Swartz* v. *KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................................8

*Vess* v. *Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..............................................................................................9

*Winebarger* v. *Pennsylvania Higher Educ. Assistance Agency*,
   411 F. Supp. 3d 1070 (C.D. Cal. 2019) ..............................................................................13

*Yamauchi* v. *Cotterman*,
   84 F. Supp. 3d 993 (N.D. Cal. 2015) .............................................................................9, 13

**STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ......................................................................................6

Cal. Bus. & Prof. Code § 17500, *et seq.* .......................................................................6, 9, 11, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ................................................................................................................5, 8, 9

Fed. R. Civ. P. 12(b)(6) .............................................................................................................5, 8

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: NOTICE IS HEREBY GIVEN that on December 10, 2020, at 10:00a.m. or as soon thereafter as the matter may be heard, in Courtroom 4, 17th Floor of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Intralinks, Inc. ("Intralinks") will and hereby does move the Court to dismiss the Class Action Complaint for Damages and Injunctive Relief (the "Complaint") filed in the above-captioned action, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs in this case accuse Bank of America of prioritizing certain applications for loans under the Paycheck Protection Program ("PPP") over their own applications and of making supposedly misleading statements about the PPP loan process. Those claims are not actionable and should be dismissed for the reasons set forth in Bank of America's motion, which Intralinks joins and incorporates herein. But the claims against Intralinks must be dismissed for the additional reason that the Complaint is devoid of *any* substantive allegations concerning conduct by Intralinks. Plaintiffs do not allege that Intralinks processed any loan applications, influenced the order in which Bank of America processed those applications, or had any incentive to prioritize certain applications over others. And *not one* of the litany of supposedly misleading statements upon which Plaintiffs claim to have relied was made by Intralinks.

Plaintiffs' inability to make such allegations is not surprising—Intralinks is not a bank. It does not process, evaluate, or review loan applications, and it had no relationship with Plaintiffs. Rather, Intralinks is a software company that provides its customers with a quick and secure method of sharing documents and information through a web-based platform which is commonly referred to as a "dataroom." Bank of America hired Intralinks to provide this service with respect to applications for PPP loans and, as the Complaint makes clear, Plaintiffs successfully used the Intralinks portal to transmit their PPP loan applications to Bank of America. The Complaint does not allege that Intralinks did anything more. Plaintiffs' claims against Intralinks are akin to suing the post office for delivering an allegedly defamatory letter.

The Complaint should be dismissed for all of the reasons set forth in Bank of America's Motion to Dismiss, which Intralinks joins in full. The Complaint should also be dismissed as against Intralinks, with prejudice, because Plaintiffs have failed to plead any allegations against Intralinks sufficient to state a claim upon which relief may be granted.

### THE COMPLAINT

On May 5, 2020, Plaintiff Studio 1220, Inc. initiated an action against Bank of America and Intralinks based on allegations that Bank of America improperly prioritized larger PPP loan applications over applications for smaller loans. (*See Studio 1220, Inc.* v. *Bank of America, et al.*, 3:20-cv-3081 (N.D. Cal. 2020).) Pursuant to this Court's order dated September 14, 2020, that action was consolidated with the instant action which, at the time, did not name Intralinks as a defendant.[1] (*See* ECF No. 40.) Plaintiffs filed the operative Consolidated Amended Class Action Complaint on September 25, 2020, advancing five causes of action against both Bank of America and Intralinks: (1) a negligence claim, (2) a claim for "fraudulent concealment," (3) a claim for breach of fiduciary duty, (4) a claim under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and (5) a claim for violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.* (*See* Compl. ¶¶ 122–155.) Plaintiffs seek certification of a class, disgorgement, unspecified statutory and punitive damages, fees and costs, and equitable relief. (*See* Compl., Prayer for Relief.)

Each of Plaintiffs' causes of actions is premised on allegations that "Defendants" (lumped together) "prioritiz[ed] larger loan applications for bigger businesses and Defendants' own banking clients ahead of smaller businesses and independent contractors" while failing to disclose that "Defendants were violating the PPP governing rules by favoring existing customers and applicants seeking larger loans." (Compl. ¶¶ 4, 9.) But beyond basic jurisdictional allegations, (*see* Compl. ¶ 21), Plaintiffs allege virtually no facts concerning Intralinks.

---

[1] Another plaintiff in the Western District of Texas has filed a separate complaint asserting claims against Bank of America concerning its treatment of PPP loan applications but does not assert claims against Intralinks. *See E-Dealer Direct, LLC, et al.* v. *Bank of America Corp.*, No. 3:20-cv-00139 (W.D. Tex. 2020).

The allegations concerning Intralinks fall into two categories: anodyne descriptions of Intralinks' role as a software provider, and allegations demonstrating that Bank of America hired Intralinks for the limited purpose of providing a secure conduit through which PPP loan applicants could transmit materials to Bank of America. Those allegations are set out briefly below. Beyond these statements, the Complaint contains only a handful of conclusory allegations that are insufficient to support a claim against Intralinks.

### A. INTRALINKS' LIMITED ROLE AS A SOFTWARE PROVIDER

The bulk of Plaintiffs' allegations about Intralinks amount to the uncontroversial assertion that Intralinks "is a cloud-based financial technology provider for global banking, deal-making and capital markets." (Compl. ¶ 21.) The Complaint also points to statements on Intralinks' website about its general capabilities that have nothing to do with the PPP loan program:

> We innovate to enhance the value, speed and confidentiality of dealmaking, reporting and communications - driving success for our users. Our dedicated team empowers clients to leverage our technology with complete control and confidence.
>
> We created in "2017 - Industry first context-aware large-scale Wealth Management AI reporting solution."

(Compl. ¶ 60.) Plaintiffs do not, however, allege that they ever saw or relied on these statements. Moreover, the quoted statements do not refer to the PPP—nor could they, since those statements concern a separate Intralinks product ("Wealth Management AI") and have, in fact, appeared on Intralinks' website since long before enactment of the PPP program.[2]

In short, Plaintiffs allege that Intralinks is a software company—not a bank or lending institution—that provides its clients (e.g., Bank of America) with technology that allows for the convenient and secure online transmission of documents. As discussed below, there is no allegation the Intralinks reviewed or processed any loan applications.

---

[2] *See* Internet Archive, Capture of "https://www.intralinks.com/company" as of December 14, 2019, https://web.archive.org/web/20191214115637/https://www.intralinks.com/company.

**B.     INTRALINKS PROVIDED A CONDUIT FOR PPP LOAN APPLICATIONS**

Plaintiffs also allege facts consistent with Intralinks' limited role as a service provider to Bank of America in connection with the bank's PPP loan program, stating that "Bank of America contracted with Intralinks to administer the PPP loan application process," and that "Intralinks maintained, configured and operated IntraLinks Exchange used by Bank of America to inter alia 'gather [] documents' from Plaintiff and the Class."  (Compl. ¶¶ 21, 59 (alteration in original).)  Plaintiffs allege that Bank of America told applicants that it was "working with IntraLinks Exchange to gather [their] documents" and instructed them to "upload [their] documentation to IntraLinks' confidential and secure website," explaining that "Bank of America will review uploaded documents and contact you if further clarification or documentation is necessary."  (Compl. ¶ 63.)

The Complaint also confirms that Intralinks performed its function as a conduit effectively.  According to the Complaint, Plaintiff Studio 1220 submitted an application to Bank of America through Intralinks' platform on April 6, 2020 and on April 8, 2020—two days later—"a Bank of America employee confirmed that Bank of America had received Studio 1220's PPP application and documentation on the IntraLinks Exchange."  (Compl. ¶¶ 104-105.)  Plaintiff Informatech similarly alleges that, on "April 13, 2020, [it] submitted all requested documents to the Intralinks Exchange," received a request for follow-up two days later, and thereafter communicated with "a local branch representative."  (Compl. ¶¶ 90, 92-93.)  The Complaint does not allege that Intralinks took any additional actions or had any involvement in the PPP loan process after facilitating transmittal of the loan applications from Plaintiffs to Bank of America.

**ARGUMENT**

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

1  alleged," and courts "are not bound to accept as true a legal conclusion couched as a factual
2  allegation." *Iqbal*, 556 U.S. at 678 (internal quotation and citation omitted).

3  Federal Rule of Civil Procedure 9(b) requires plaintiffs to "state with particularity the
4  circumstances constituting fraud or mistake," meaning that "a plaintiff must, at a minimum,
5  'identify the role of each defendant in the alleged fraudulent scheme.'" *Swartz* v. *KPMG LLP*, 476
6  F.3d 756, 765 (9th Cir. 2007) (quoting *Moore* v. *Kayport Package Express, Inc.*, 885 F.2d 531,
7  541 (9th Cir. 1989)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants
8  together but requires plaintiffs to differentiate their allegations when suing more than one
9  defendant and inform each defendant separately of the allegations surrounding his alleged
10 participation in the fraud." *Yamauchi* v. *Cotterman*, 84 F. Supp. 3d 993, 1019 (N.D. Cal. 2015)
11 (quoting *Swartz*, 476 F.3d at 764-65).

12 A plaintiff who "allege[s] a unified course of fraudulent conduct" advances a claim that is
13 "said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole
14 must satisfy the particularity requirement of Rule 9(b)." *Vess* v. *Ciba-Geigy Corp. USA*, 317 F.3d
15 1097, 1103-04 (9th Cir. 2003). Specifically, claims that a defendant "knew or should have known
16 that its advertisements and promotions were untrue and misleading under the UCL and FAL"
17 constitute "claims sounding in fraud" and are "subject to the Rule 9(b) standard." *Clorox Co.* v.
18 *Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 634 (N.D. Cal. 2019); *see also Davidson* v.
19 *Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018). This Court recently recognized as much.
20 *See Lusson* v. *Apple, Inc.*, No. 16-CV-00705-VC, 2016 WL 10932723, at *2 (N.D. Cal. June 20,
21 2016) (dismissing UCL and FAL claims sounding in fraud for failure to plead with particularity).

22 Because Plaintiffs rely on blanket assertions that Defendants made misrepresentations that
23 induced members of the putative class to seek PPP loans from Bank of America, all of their claims
24 sound in fraud and are subject to Rule 9(b)'s heightened pleading standard. But regardless of the
25 applicable pleading standard, Plaintiffs have failed to state a claim against Intralinks.

### C. PLAINTIFFS ALLEGE NO FACTS SUPPORTING ANY CLAIMS AGAINST INTRALINKS

Plaintiffs advance five intertwined causes of action, each of which is predicated on, or shares key elements with, other causes of action. For instance, Plaintiffs allege that violation of California's UCL and FAL—their fourth and fifth causes of action—constitute evidence of negligence and a breach of fiduciary duty—their first and third causes of action. Likewise, Plaintiffs' UCL claim is, itself, predicated on alleged violations of the FAL, and all of Plaintiffs' causes of action are premised on the same allegedly fraudulent scheme. It is therefore instructive to review the allegations concerning Intralinks before engaging with each separate cause of action.

The Complaint alleges no more than that Intralinks "is a cloud-based financial technology provider" that, pursuant to a contract with Bank of America, "maintained, configured and operated IntraLinks Exchange used by Bank of America to inter alia 'gather [] documents' from Plaintiff and the Class." (Compl. ¶ 21 (alteration in original).) Plaintiffs do not allege that Intralinks played any role in the evaluation or processing of loan applications—in fact, the Complaint specifically alleges that *Bank of America* would "review uploaded documents" and "process [Plaintiffs'] loan application[s] with the Small Business Administration." (Compl. ¶ 63.) Nor do Plaintiffs allege that Intralinks had the ability or incentive to prioritize certain applications over others. Plaintiffs also fail to allege that Intralinks made any false, misleading, or deceptive statements. Indeed, Plaintiffs identify only statements by *Bank of America*; they do not allege any statements by Intralinks concerning the PPP. (Compl. ¶¶ 63, 68, 69.) And Plaintiffs do not allege that they were even aware of Intralinks' existence prior to being instructed by Bank of America to submit their applications via Intralinks' platform and, therefore, cannot allege that they sought PPP loans from Bank of America in reliance on any statements by Intralinks.

Finally, Plaintiffs cannot make out a claim against Intralinks on the basis of their conclusory allegation that "Intralinks adopted, approved and/or participating [sic] the preparation of the representations made" by Bank of America. (Compl. ¶¶ 61, 64.) Plaintiffs allege not a single fact to support that assertion. Nor can Plaintiffs attribute to Intralinks allegations that actually concern only Bank of America, such as their allegations that "Defendants" prioritized their

"own banking clients" in order to "maximize profits" or that "Informatech contacted a local branch representative of Defendants"—despite the fact that Plaintiffs acknowledge that Intralinks *is not a bank* and therefore has no "banking clients" or "local branches." (*See* Compl. ¶¶ 4, 59, 93.)

In short: Plaintiffs have not alleged facts sufficient to state *any* plausible claim against Intralinks, and each of their causes of action must therefore be dismissed. *See Iqbal*, 556 U.S. at 678.

### D. CALIFORNIA'S FALSE ADVERTISING LAW

"The FAL 'prohibits any 'unfair, deceptive, untrue, or misleading advertising.''" *L.A. Taxi Coop., Inc.* v. *Uber Techs., Inc.*, 114 F. Supp. 3d 852, 860 (N.D. Cal. 2015) (quoting *Williams* v. *Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). In order to state a claim, a plaintiff must allege an injury suffered "due to his or her own actual and reasonable reliance on the purported misleading statements." *Clorox Co.* v. *Reckitt Benckiser Grp. PLC*, 398 F. Supp. 3d 623, 646 (N.D. Cal. 2019) (quoting *Rosado* v. *eBay, Inc.*, 53 F. Supp. 3d 1256, 1266 (N.D. Cal. 2014)).

Plaintiffs have not alleged that Intralinks made any statements concerning the PPP, let alone that Intralinks engaged in any "unfair, deceptive, untrue, or misleading advertising." Nor have Plaintiffs alleged that they relied on any statements by Intralinks or, even if they did, that such reliance either was reasonable or resulted in injury. Plaintiffs have therefore failed to satisfy any of the elements of a claim against Intralinks under the FAL.

### E. CALIFORNIA'S UNFAIR COMPETITION LAW

"The UCL prohibits 'any unlawful, unfair or fraudulent business act or practice.'" *Berk* v. *Coinbase, Inc.*, No. 18-CV-01364-VC, 2019 WL 3561926, at *3 (N.D. Cal. Aug. 6, 2019) (quoting Cal. Bus. & Prof. Code § 17200). Because the UCL "is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Hodsdon* v. *Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018) (quoting *Cel-Tech Commc'ns, Inc.* v. *L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999)).

Where, as here, a UCL claim is premised on alleged misrepresentations, courts have "consistently required allegations of actual reliance and injury at the pleading stage for claims under all three prongs of the UCL." *Doe* v. *SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1076 (N.D.

1  Cal. 2014). Because Plaintiffs have failed to allege any facts demonstrating that they relied on any
2  statement by Intralinks to their detriment, the Court need go no further and should dismiss
3  Plaintiffs' UCL claim on that ground alone. Even setting aside that deficiency, however, the
4  Complaint also fails to plead facts sufficient facts to support a UCL claim under any prong.

5  The UCL's "fraudulent" prong requires allegations of either an affirmative misstatement
6  or an omission that is "contrary to a representation actually made by the defendant, or an omission
7  of a fact the defendant was obliged to disclose." *Hodsdon*, 891 F.3d at 861 (internal quotation and
8  emphasis omitted). But Plaintiffs have not alleged that Intralinks made any statements to PPP loan
9  applicants at all—let alone any misrepresentations. Nor have Plaintiffs alleged any duty owed by
10  Intralinks or, even if such a duty existed, that any omission by Intralinks was in any way
11  misleading. Next, the UCL's "unlawful" prong must be premised on a violation of applicable
12  state, federal, or local law. *People ex rel. Bill Lockyer* v. *Fremont Life Ins. Co.*, 104 Cal. App. 4th
13  508, 515 (Cal. Ct. App. 2002). Plaintiffs assert that this prong is satisfied by the alleged violation
14  of the FAL but, as set out above, Plaintiffs have failed to state a claim under the FAL—or under
15  any other law. Finally, Plaintiffs have also failed to satisfy the UCL's "unfair" prong. While the
16  "test for unfairness under the UCL is 'currently in flux,'" the majority view requires balancing "the
17  utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Berk*, 2019
18  WL 3561926, at *4 (quoting *Lozano* v. *AT&T Wireless Services,* 504 F.3d 718, 735 (9th Cir.
19  2007)). Plaintiffs allege that "Defendants' conduct was immoral, unethical, unscrupulous, or
20  substantially injurious to their clients" and that the "utility of their conduct, if any, does not
21  outweigh the gravity of harm to their victims." (Compl. ¶ 148.) But Plaintiffs have not alleged
22  any such actions *by Intralinks*. Nor have they alleged that any PPP loan applicant was a "client"
23  of Intralinks, rather than of Bank of America. Instead, the Complaint alleges merely that Intralinks
24  performed the limited secure data-transmission services for which it was retained.

25  Plaintiffs have therefore failed to state a claim under any prong of the UCL.

26  **F.   NEGLIGENCE AND BREACH OF FIDUCIARY DUTY**

27  "Negligence has four elements under California law: duty, breach, causation, and injury."
28  *Berk*, 2019 WL 3561926, at *2 (citing *Vasilenko* v. *Grace Family Church*, 3 Cal. 5th 1077, 1083

(Cal. 2017)). A claim for breach of fiduciary duty similarly requires "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." *Gutierrez* v. *Girardi*, 194 Cal. App. 4th 925, 932 (Cal. Ct. App. 2011). California courts recognize that "the existence and scope of a defendant's duty is an issue of law, to be decided by a court." *Avila* v. *Citrus Cmty. Coll. Dist.*, 38 Cal. 4th 148, 160–61 (Cal. 2006) (quoting *Parsons* v. *Crown Disposal Co.*, 15 Cal. 4th 456, 472 (Cal. 1997)); *see also Winebarger* v. *Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1091 (C.D. Cal. 2019).

"Before a person can be charged with a fiduciary obligation" under California law, "he must undertake to act on behalf and for the benefit of another," which "ordinarily arises where a confidence is reposed by one person in the integrity of another." *Fabian* v. *LeMahieu*, No. 19-CV-00054-YGR, 2019 WL 4918431, at *10 (N.D. Cal. Oct. 4, 2019) (internal quotations and alterations omitted). "Traditional examples of fiduciary relationships in the commercial context include trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint adventures, and agent/principal." *Id*. (quoting *Wolf* v. *Superior Court*, 107 Cal. App. 4th 25, 29 (Cal. Ct. App. 2003)).

For all the reasons set out above and in Bank of America's motion, Plaintiffs have not alleged any duty sufficient to support a claim either for negligence or for breach of fiduciary duty. Nor could they, in light of the limited and ministerial role that Intralinks is alleged to have played in Bank of America's PPP loan application process and the lack of any relationship between Plaintiffs and Intralinks. Indeed, the only alleged relationship is a "banking relationship"—a relationship that does not exist between Intralinks and *any* individual, as Intralinks is not a bank. (*See* Compl. ¶ 128.) And even assuming such a duty, Plaintiffs have not alleged any actions by Intralinks that might constitute a breach, for all the reasons set out above.

### G.   "FRAUDULENT CONCEALMENT"

Finally, Plaintiffs assert a claim for "fraudulent concealment," a doctrine that is intended "to prevent a defendant from 'concealing a fraud . . . until such a time as the party committing the fraud could plead the statute of limitations to protect it.'" *Ryan* v. *Microsoft Corp.*, 147 F. Supp. 3d 868, 885 (N.D. Cal. 2015) (quoting *Bailey* v. *Glover*, 88 U.S. 342, 349 (1874)).

That doctrine has no clear applicability here; when satisfied, it permits the tolling of an applicable statute of limitations. *Id.* If the Court treats Plaintiffs as advancing a claim for fraudulent representation or omission, the elements of such a claim are "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Yamauchi*, 84 F. Supp. 3d at 1018 (quoting *Vogelsang* v. *Wolpert*, 227 Cal. App. 2d 102, 109 (Cal. Ct. App. 1964)). "The elements for a claim of fraud are the same." *Id.*; *see also Lazar* v. *Super. Ct.*, 12 Cal. 4th 631, 638 (Cal. 1996)). For all the reasons that Plaintiffs have failed to satisfy the UCL's "fraudulent" prong, they have also failed to allege a claim for fraud, fraudulent misrepresentation, or fraudulent omission.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For all of the reasons stated in Bank of America's motion to dismiss and herein, the Court should dismiss the Complaint entirety against Intralinks, in its entirety, with prejudice.

Dated: October 26, 2020

**PAUL, WEISS, RIFKIND, WHARTON AND GARRISON LLP**

By: <u>/s/ Christman Rice</u>
Robert A. Atkins
(pro hac vice)
Joshua D. Kaye
(pro hac vice)
Christman Rice
(pro hac vice)
1285 Avenue of the Americas
New York, NY 10019
Tel. 212-373-3000
ratkins@paulweiss.com
jkaye@paulweiss.com
tcrice@paulweiss.com

**MEYERS, NAVE, RIBACK, SILVER & WILSON**

Janice P. Brown (SBN 114433)
Arlene R. Yang (SBN 297450)
600 B Street, Suite 1650
San Diego, CA 92101
Tel. 619-330-1700
Fax. 619-330-1701
jbrown@meyersnave.com
ayang@meyersnave.com

*Attorneys for Defendant Intralinks, Inc.*

## ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: October 26, 2020                   */s/ Arlene R. Yang*
                                          Arlene R. Yang

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 26th day of October 2020, true and correct copies of notice of motion and **NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT AGAINST INTRALINKS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** and memorandum of points and authorities in support thereof was filed with the Court and served on all parties to this action via the CM/ECF.

*/s/ Arlene R. Yang*
Arlene R. Yang
