UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDIO 1220, INC.,<br>　　　　Plaintiff,<br>　v.<br>INTRALINKS, INC.,<br>　　　　Defendant. | Case No. 20-cv-02892-VC<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br>Re: Dkt. No. 80 |

Intralinks' motion to dismiss is granted, and Studio 1220's claim for fraudulent concealment is dismissed with prejudice. When granting Intralinks' motion to dismiss the first amended complaint, the Court found it "highly unlikely" that Studio 1220 could state a claim against Intralinks based on the allegedly improper handling of Paycheck Protection Program loan applications submitted to Bank of America. Dkt. No. 72. The Court also found that the first amended complaint "clearly ha[d] not done enough to adequately allege that [Intralinks]—the technology company that provided the software for Bank of America [] to process incoming PPP loan applications—was involved in or responsible for any of the challenged conduct." *Id.* Leave to amend was granted only "in an abundance of caution." *Id.* In its second amended complaint, Studio 1220 makes only two substantive additions relating to Intralinks' role in the alleged PPP scheme. Even with these two additions, the complaint still fails to state a claim for fraudulent concealment against Intralinks.

First, in an apparent attempt to show that Intralinks played a more hands-on role in the PPP loan application process, Studio 1220 includes in the new complaint statements from a Form 10-K filed with the Securities and Exchange Commission by Intralinks' parent company, SS&C

Technologies. The complaint alleges that in the Form, SS&C Technologies represents "that it offers 'Banking and Lending Solutions', that include 'a single database application that provides comprehensive commercial loan management from initial request to final disposition' and 'manages all aspects of our clients' loan process, including pre-qualifying loan requests, processing applications, commitment processing, loan disposition, servicing and accounting.'" However, in the Form, these statements describe a software called Precision LM, which is offered by SS&C Technologies and *not* by Intralinks—the software offered by Intralinks is described as creating "virtual data rooms" that provide "a secure, customizable environment for deal makers to exchange sensitive documents and information."[1] The addition of statements from the Form 10-K thus does nothing to support Studio 1220's claim for fraudulent concealment against Intralinks, which Studio 1220 tacitly recognizes by not relying on (let alone mentioning) the Form 10-K in its opposition to the motion to dismiss.

Second, the new complaint alleges that Intralinks was responsible for an April 6, 2020 email received by Studio 1220 and other small businesses that applied for PPP loans through Bank of America. Specifically, the complaint alleges that Studio 1220 "received an email confirmation from the email account of Defendant Intralinks, Inc., <welcome@intralinks.com>, that Defendant Intralinks, Inc. had received Plaintiff's PPP loan application." The heading of the email reads as follows:

> **From:** "Bank of America" <welcome@intralinks.com>
> 
> **Subject**: **Paycheck Protection Program: We're ready to receive your documents**
> 
> **Date:** April 6, 2020 at 1:36:46 PM PDT
> 
> **To: [REDACTED]**
> 
> **Reply-To:** Bank of America Payroll Protection Program <Smallbusinessdocuments@bankofamerica.com>

The email itself contains logistical information about how Bank of America planned to process

---

[1] Intralinks' request for judicial notice is granted.

the PPP applications, including login information for IntraLinks Exchange—the online platform made available by Intralinks' software and used by Bank of America to gather application documents—as well as information about the next steps Bank of America planned to take to review applications.

Even assuming that this email can be understood as coming from Intralinks and not from Bank of America (which seems dubious given that the email is "From" "Bank of America," the "Reply-To" email address is a Bank of America email address, and everything in the body of the email relates to Bank of America), it does not support a claim for fraudulent concealment against Intralinks. A claim for fraudulent concealment requires, among other things, that the defendant have a legal duty to disclose the allegedly concealed information. *See Immobiliare, LLC v. Westcor Land Title Insurance Co.*, 424 F. Supp. 3d 882, 888 (E.D. Cal. 2019). A duty to disclose arises in four circumstances: (1) when the defendant has a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations to the plaintiff while suppressing other material facts. *See id.* Studio 1220 does not argue that it has a fiduciary relationship with Intralinks, and relies on the latter three circumstances. To establish a duty in these three circumstances, there must be a relationship akin to a "transaction," "such as that between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual arrangement." *See id.* at 888-89 (quoting *Burch v. CertainTeed Corp.*, 34 Cal. App. 5th 341, 349-350 (2019)); *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 311-13 (2017). The April 6 email does not establish a transactional relationship between Intralinks and Studio 1220 similar to those just described, nor does the complaint contain any other factual allegations suggesting such a relationship existed. To the contrary, as was clear in the prior complaint and remains clear in this complaint, Bank of America contracted with Intralinks to use Intralinks' software to process PPP loan applications, and there was no relationship whatsoever between Intralinks and the PPP loan applicants themselves, Studio 1220 included.

Intralinks' motion to dismiss is granted. Because it is clear that further amendments would be futile, the case is dismissed with prejudice.[2]

**IT IS SO ORDERED.**

Dated: May 25, 2021

VINCE CHHABRIA
United States District Judge

---

[2] Studio 1220's request for judicial notice is granted.